IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RONALD AND CHANDRA GARRETT** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| **LEXINGTON INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Ronald and Chandra Garrett, ("Garrett"), Plaintiffs in the above-styled and numbered cause, file this Original Complaint against Defendant, Lexington Insurance company ("Lexington"), and in support thereof would respectfully show the Court as follows:

### I. INTRODUCTION

1. This is a suit for money damages as a result of Lexington's wrongful actions outlined below. Plaintiffs seek damages from Lexington for recovery of payments that are due under the terms of Plaintiffs' home insurance policy for breach of good faith and fair dealing, breach of contract, and violations of TEXAS INSURANCE CODE §§ 541.060 and 541.152.

### II. JURISDICTION & VENUE

2. Venue is proper in the Southern District of Texas because Defendant conducted its business in the district and because the Southern District is where the

breach took place. Additionally, a substantial part of the acts or omissions occurred within the district.

3. This Court has subject matter jurisdiction as both Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Plaintiffs' individual claims are greater than the jurisdictional minimum limits of the Court.

### III.  THE PARTIES

5. Plaintiffs are individuals residing in Harris County Texas.

6. Defendant Lexington Insurance Company is an insurance company headquartered in Massachusetts and may be served with process by serving its President and CEO Jeremy Johnson at 99 High St, Floor 23, Boston, MA 02110-2378.

### IV.  STATEMENT OF FACTS

7. Ronald and Chandra Garrett have an insurance policy with Lexington Insurance Company that covers their home, policy number 000031947411 (the "Policy"). Plaintiffs' residence is located at 18718 Regatta Road, Humble, Texas 77346 (the "Property"). On April 26, 2014, Plaintiffs' home was damaged due to an accidental discharge of water. Plaintiffs submitted a claim related to this covered loss that Lexington denied as "not covered."

### V.  PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT

#### A. Breach of Good Faith and Fair Dealing

8. Lexington, as Plaintiffs' insurance company, at all times during the claims process owed a duty of good faith and fair dealing. Defendant's acts and omissions

violated that duty and Plaintiffs were damaged as a result. Lexington's denial was not based upon a bone fide dispute, but was arbitrary and constitutes a pretextual denial. The sudden and accidental water loss that caused Plaintiffs' damages is covered under the Policy.

### *B. Breach of Contract*

9. Lexington breached its contract with Plaintiffs, the Policy, by making a coverage denial. Lexington's breach has caused damages to Plaintiffs.

### *C. Texas Insurance Code §§ 541.060, 541.152 & 542.060*

10. Lexington violated numerous provisions of the TEXAS INSURANCE CODE, Article §541.060 that include:

> a. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
> b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
>> i. a claim with respect to which the insurer's liability has become reasonably clear; or
>>
>> ii. a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

  c. failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  d. failing within a reasonable time to:

   i. affirm or deny coverage of a claim to a policyholder; or

   ii. submit a reservation of rights to a policyholder; and,

  e. refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

TEX. INS. CODE ANN. § 541.060 (Vernon).

 11. Lexington's violation of this provision caused damages to Plaintiffs that are greater than the minimal jurisdictional limits of this Court. Plaintiffs are entitled to relief in accordance with Articles §541.152(a) of the TEXAS INSURANCE CODE.

 12. Plaintiffs are also entitled to additional damages pursuant to Article §541.152(b) because Defendant violated that statute knowingly.

 13. Plaintiffs are entitled to 18% penalty interest per year in accordance with Article §542.060(a) for the wrongfully denied claim.

## VI. CONDITIONS PRECEDENT

 14. All conditions precedent to Plaintiffs' right to relief have been performed or have been satisfied.

## VII.  JURY DEMAND

15. Pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiffs hereby respectfully make this demand and application for a jury trial in this litigation.

## VIII. REQUEST FOR RELIEF

16. Plaintiffs have incurred economic damages as a result of Defendant's conduct as described above.  Additionally, Plaintiffs will continue to suffer future harm as a result of Defendant's conduct.  As a result, Plaintiffs are entitled to and pray for the following damages against Defendant:

   a. Actual and consequential damages;

   b. Punitive and additional damages;

   c. Statutory interest of 18%;

   d. Attorney's fees and expenses;

   e. Pre- and post-judgment interest at the maximum legal rate;

   f. Costs of suit; and,

   g. All other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Plaintiffs respectfully request that Defendant Lexington Insurance Company be cited to appear and answer herein, that a judgment be entered for Plaintiffs against Defendant for damages as described above and for such other and further relief whether at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**JOSH DAVIS LAW FIRM**

By: /s/ Joshua P. Davis
     Joshua P. Davis
     State Bar No. 24055379
     Federal Bar No. 1109971
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101 /Fax
*josh@thejdfirm.com*

*Attorney-in-Charge for Plaintiffs*
*Ronald and Chandra Garrett*